IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-hc-02203-BO

| | | |
|---|---|---|
| EARL DWIGHT REVELS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JUSTIN ANDREWS, | ) | |
| | ) | |
| Respondent. | ) | |

On August 17, 2016, Earl Dwight Revels ("Revels"), then a federal inmate at Butner Federal Correctional Institution, filed pro se a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1]. The matter is before the court to address respondent's motion for summary judgment [D.E. 15]. For the reasons discussed below, the court will grant respondent's motion.

BACKGROUND

On February 25, 2008, the Grand Jury in the United States District Court for the Middle District of North Carolina ("Middle District") returned a single-count indictment against Revels for possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), pursuant to conduct on or about December 14, 2007. See United States v. Revels, No. 1:08-cr-00045-NCT-1 (M.D.N.C.), Indictment [D.E. 1]. On April 8, 2008, Revels was temporarily released from his state custody at the Durham County Jail to the United States Marshals Service ("USMS") for arraignment pursuant to a federal writ of habeas corpus *ad prosequendum*.[1] See id., Order [D.E. 4]. On May 27,

---

[1] "Writs of habeas corpus *ad prosequendum* are court orders demanding that an inmate be produced to face criminal charges." United States v. Evans, 159 F.3d 908, 911 (4th Cir. 1998) (citing Stewart v. Bailey, 7 F.3d 384, 389 (4th Cir. 1993)).

2008, the Grand Jury returned a superceding indictment charging Revels with two counts of possession of a firearm by a felon, in violation of sections 922(g)(1) and 924(a)(2). See id., Superceding Indictment [D.E. 10]. The first count involved Revels' conduct on or about December 14, 2007; the second count involved Revels' conduct on or about January 6, 2008. Id.

Both on June 4, 2008, and on July 7, 2008, Revels was released from the Durham County Jail to the custody of the USMS pursuant to writs of habeas corpus *ad prosequendum* for an arraignment and a plea hearing, respectively. See id., Orders [D.E. 13, 17]. Revels pleaded guilty to the second count of being a felon in possession of a firearm in violation of sections 922(g)(1) and 924(a)(2); the first count was dismissed on the motion of the United States. See id., Plea Agreement [D.E. 18].

On November 13, 2008, Revels again was temporarily released from the Durham County Jail to the custody of the USMS pursuant to a writ of habeas corpus *ad prosequendum* for sentencing, and was sentenced to a 120-month term of imprisonment. Id., Order [D.E. 24], J. [D.E. 26]. Revels appealed his sentence. Id., Notice of Appeal [D.E. 27]. On September 18, 2009, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed the district court's judgment. United States v. Revels, 344 Fed.App'x. 854, 856 (4th Cir. 2009) (per curiam) (unpublished).

On August 17, 2016, Revels filed pro se the instant section 2241 petition [D.E. 1]. On April 6, 2017, the court conducted preliminary review pursuant to 28 U.S.C. § 2243 and allowed the matter to proceed [D.E. 7]. On May 8, 2017, respondent filed a motion for summary judgement [D.E. 15] as well as a memorandum [D.E. 16], a statement of material facts [D.E. 17], and a appendix [D.E. 18] in support. On July 19, 2017, pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Revels about respondent's motion for summary judgment [D.E. 19]. Revels timely filed a response in opposition to the summary judgement motion [D.E. 20].

Respondent's appendix [D.E. 18] succinctly charts the factual circumstances of the case via

2

the declaration of Federal Bureau of Prisons ("BOP") employee J.R. Johnson [D.E. 18-1]. This declaration avers that, on December 14, 2007, Revels was arrested on state drug and firearm charges and held in state custody until his January 4, 2008, release on bond. See Johnson Decl. [D.E. 18-1] at ¶5. Revels was returned to state custody on January 7, 2008, after he was arrested on new charges of robbery, possession of a firearm by a convicted felon, and resisting an officer. See id. at ¶6.

On April 7, 2008, a North Carolina state indictment issued for possession with intent to manufacture, sell, and deliver cocaine pursuant to Revels' conduct on December 14, 2007. Id. at ¶7. On April 8, 2008, pursuant to a writ of habeas corpus *ad prosequendum*, Revels was temporarily transferred to federal custody and housed on behalf of the USMS by local authorities in Durham, NC. Id. at ¶8. On November 13, 2008, following the imposition of his federal sentence, Revels was released from the writ and returned to local custody to face his pending state charges. Id. at ¶9. On February 15, 2012, Revels was sentenced in the Durham County Superior Court to a 34 to 41-month state term of imprisonment following his guilty plea to being an accessary after the fact to robbery with a dangerous weapon, and possession of a controlled substance. Id. at ¶10. The state sentencing court ordered that Revels be given credit for 1,500 days spent in confinement prior to that date. Id.

On February 16, 2012, "Revels was released from local custody and transferred to federal custody for service of his 120-month federal sentence." Id. at ¶11. After this transfer, the BOP "reviewed Revels' time served and determined that Revels received credit toward his state sentence from January 7, 2008 (date of arrest) through June 5, 2011 (date state term expired)." Id. at ¶11. Thus, the BOP determined that Revels' time spent in state custody from June 6, 2011, through February 15, 2012, constituted an over-service of time that would be credited to his federal sentence. Id. The BOP also determined that Revels' federal sentence commenced on February 16, 2012–the date he was transferred to federal custody–and the BOP "applied a total of 277 days of prior custody credit

3

toward [] Revels' federal sentence." Id. at ¶14. The BOP inquired of the sentencing court whether the federal sentence was intended to run concurrent to the state sentence; receiving no response, the BOP concluded that the sentences were to run consecutively. Id. at ¶¶ 16–18.

## ARGUMENTS

Revels generally seeks custody credit toward his federal sentence for time spent in North Carolina state custody "from January 7, 2008, until the day that [he] came fully into federal custody." See Pet. [D.E. 1-1] at 2. Revels also argues that his federal and state sentences should run concurrent pursuant to Amendment 787 of the United States Sentencing Guidelines (U.S.S.G.) section 5G1.3. See Pet. [D.E. 1] at §§ 13, 15. In support of his arguments, Revels cites to Setser v. United States, 566 U.S. 231, 233 (2012); United States v. Smith, 318 F. Supp. 2d 875, 878 (C.D. Cal. 2004).

Respondent raises three arguments in support of the motion for summary judgment. See Resp't Mem. [D.E. 16]. First, respondent argues that the BOP correctly calculated Revels' term of imprisonment in accordance with 18 U.S.C. § 3585(a). Id. at 5–7. Respondent asserts that Revels' state sentence ran from January 7, 2008, through June 5, 2011; that Revels' actual state custody ran from January 7, 2008, until February 15, 2012; and that the state retained primary jurisdiction over Revels throughout his federal prosecution such that his federal custody began only after he was released from state detention. Id. at 1–2, 5–6.

Second, respondent argues that the BOP correctly calculated Revels' prior custody credit pursuant to 18 U.S.C. § 3585(b). See id. at 7–8. Respondent contends that "Revels is precluded from receiving credit toward his federal sentence for time spent in custody from January 7, 2008[,] through June 5, 2011[,] because such time has already been credited toward his state sentence." Id. at 1–2. Respondent further notes that "the BOP gave Revels prior custody credit toward his federal sentence from December 14, 2007, through January 4, 2008, and for the over-served time he spent

4

in state custody from June 6, 2011 (the day after he completed his state sentence) through February 15, 2012 (the day before his federal sentence commenced)." Id. at 3.

Finally, respondent argues that Revels' contention that, pursuant to U.S.S.G. section 5G1.3, his federal and state sentences should run concurrent actually addresses the validity of his sentence, not its execution, and must be raised in a section 2255 motion in the Middle District. Id. at 8–9.

In his response in opposition to the summary judgment motion, Revels generally argues that respondent has not demonstrated that there are no genuine issues of material fact. See Pet'r Resp. [D.E. 20] at 1. Specifically, Revels first asserts that United States v. Wilson, 503 U.S. 329 (1992), supports his contention that he "may receive credit for time served for his state accessory after the fact to robbery with a dangerous weapon which occurred on the same day that [he] possessed a firearm which is the subject of the instant matter." Id. at 1–2. Second, Revels asserts that, pursuant to U.S.S.G. section 5G1.3, he is entitled to have his state and federal sentences run currently "'to mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence.'" Id. at 2 (quoting Witte v. United States, 515 U.S. 389, 404–05 (1995)). Specifically, Revels argues that, because his state conviction (accessory after the fact to a robbery with a dangerous weapon) and his federal conviction (felon in possession of a firearm) stem from the same incident on January 6, 2008, "[t]hese charges clearly constitute relevant conduct under Section 1B1.3(a) of the [U.S.S.G.]." Id. at 4. Finally, Revels argues that, because he has exhausted his administrative remedies seeking prior custody credit detention, he is attacking the execution of his sentence and is entitled to file a section 2241 petition. Id. at 3–4 (citing Setser, 566 U.S. at 244).

## LEGAL STANDARD

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law.

5

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (citing Fed. R. Civ. P. 56). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (alteration and internal quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

The statutory scheme guiding the calculation of a federal term of imprisonment states:

(a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
    (1) as a result of the offense for which the sentence was imposed; or
    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
that has not been credited against another sentence.

18 U.S.C. § 3585.

"A federal sentence does not commence until the Attorney General receives the defendant into [his] 'custody' for service of that sentence." Evans, 159 F.3d at 911. "[P]rimary jurisdiction over a person is generally determined by which [sovereign] first obtains custody of, or arrests, the person." United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005); see also Evans, 159 F.3d at 912

6

("A federal sentence does not begin to run, however, when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum*. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." (citing Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992); Thomas v. Brewer, 923 F.2d 1361, 1366–67 (9th Cir. 1991)).

District courts are not empowered to compute at sentencing any prior custody credits for the time the defendant was detained prior to sentencing. See Wilson, 503 U.S. at 332–33. Instead, the authority for computing prior custody credits resides with the United States Attorney General, acting through the BOP. Id. at 334. Once a prisoner has exhausted his administrative remedies, he may seek judicial review as to the BOP's prior custody credit determinations. Id. at 335.

Section 2241 empowers a federal court to grant habeas relief to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c). However, individuals who are "convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Prisoners generally must file section 2255 motions in the district that imposed their sentence. See, e.g., United States v. Poole, 531 F.3d 263, 270 (4th Cir. 2008). By contrast, prisoners may file a section 2241 petition in the district of confinement. See 28 U.S.C. § 2241(a); Poole, 531 F.3d at 271–74; In re Jones, 226 F.3d 328, 332 (4th Cir. 2000) (per curiam).

A prisoner cannot bring a second or successive section 2255 motion unless the appropriate court of appeals first certifies that the second or successive motion contains either "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the

7

Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); see United States v. Winestock, 340 F.3d 200, 204–05 (4th Cir. 2003); In re Pendleton, 732 F.3d 280, 282 (3d Cir. 2013).

## DISCUSSION

To the extent that Revels argues that the BOP miscalculated the commencement his federal sentence, he is incorrect. Revels' federal sentence began on February 16, 2012, the date he was received into federal custody awaiting transportation to "the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a); see also Evans, 159 F.3d at 911. From January 7, 2008 (Revels' date of arrest), through February 15, 2012 (the day his state custody ended), although Revels was occasionally transferred to USMS custody under a writ of habeas corpus *ad prosequendum*, he actually remained in the primary jurisdiction of the state of North Carolina. See Poole, 531 F.3d at 271 ("[T]he writ of habeas corpus ad prosequendum, issued to bring a prisoner to his own trial, works as a mere loan of the prisoner to federal authorities and does not effectuate a change in custodian for purposes of the federal statute . . . ." (alterations and internal quotation omitted)); Evans, 159 F.3d at 912 ("Principles of comity require that when the writ of habeas corpus *ad prosequendum* is satisfied, the receiving sovereign return the prisoner to the sending sovereign."). Accordingly, there are no issues of material fact as to when Revels' federal sentence commenced and respondent is entitled to summary judgment on this issue. See Anderson, 477 U.S. at 247–49.

As to Revels' challenge of the BOP's computation of his prior custody credits pursuant to 18 U.S.C. § 3585(b), because respondent does not dispute that Revels has exhausted his administrative remedies, Revels is entitled to seek judicial review of the issue. See Wilson, 503 U.S. at 332–35. Nevertheless, for the reasons discussed below, Revels is not entitled to relief.

To the extent Revels argues that his entire term of state confinement–from January 7, 2008, until February 15, 2012–should be credited toward his federal sentence, he is incorrect. Section

3585(b) limits credit for prior custody to "time served in official detention prior to the date the sentence commences . . . *that has not been credited against another sentence.*" 18 U.S.C. § 3585(b) (emphasis added). Here, the record reflects that a portion of Revels' time in state custody–from January 7, 2008, to June 5, 2011–was credited toward the 34 to 41-month sentence entered against him in state court on February 15, 2012. See Johnson Decl. [D.E. 18-1] at ¶10. Thus, this same time-span may not be "double counted" against his present federal sentence. See Wilson, 503 U.S. at 337 (noting that, with the 1987 enactment of 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not received double credit for his detention time").

As to Revels' time served in state custody between June 6, 2011, and February 15, 2012, the respondent's filings indicate that these dates already have been credited to Revels' federal sentence. See Johnson Decl. [D.E. 18-1] at ¶ 12. The BOP recognized that Revels' state imprisonment had been over-long because the maximum sentence in his February 15, 2012, state court proceeding was 41 months whereas Revels had already served 1,500 days of state confinement (over 49 months). See id. at ¶¶ 10, 12. Accordingly, the BOP credited Revels with a total of 277 days of prior custody: 255 days from June 6, 2011 (the day after the conclusion of his 41-month state sentence), to February 15, 2012 (the day before his federal sentence began); and 22 days for Revels' state detention between December 14, 2007, and January 4, 2008. See id. at ¶¶ 12, 14. Because these 277 day "have not been credited against another sentence," 18 U.S.C. § 3585(b), the court discerns no error in the BOP's application of these excess prior custody days to Revels' federal sentence, see, e.g., United States v. Brown, 977 F.2d 574, at *1 (4th Cir. 1992) (per curiam) (unpublished table decision) ("[A] defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence.").

In sum, a review of the record reflects that the BOP correctly calculated Revels' prior custody

9

credit pursuant to 18 U.S.C. § 3585(b). Because there are no issues of material fact as to prior custody credits, respondent is entitled to summary judgment on this issue as well. See Anderson, 477 U.S. at 247–49.

As to Revels' argument that his federal and state sentences should be run concurrent pursuant to U.S.S.G. section 5G1.3, this contention actually addresses the validity of his sentence. See, e.g., Setser, 566 U.S. at 244 (noting that sentencing courts have the discretion to order that a federal sentence either run concurrently or consecutively to an un-imposed state sentence); United States v. Marsh, No. 17-4415, 2018 WL 826760, at *1 (4th Cir. Feb. 12, 2018) (per curiam) (unpublished) ("The Guidelines make clear that the district court's exercise of discretion to determine whether and to what extent a sentence should be concurrent 'is predicated on the [sentencing] court's consideration of the [18 U.S.C.] § 3553(a) factors, including any applicable guidelines or policy statements issued by the Sentencing Commission.'" (quoting U.S.S.G. section 5G1.3 cmt. background)). Accordingly, because Revels is contesting the validity of his sentence, not its execution, a section 2255 motion is the proper vehicle for this challenge. See Poole, 531 F.3d at 270; In re Jones, 226 F.3d at 332; Vial, 115 F.3d at 1194; see also Alexander v. Andrews, No. 5:15-HC-2212-D, 2017 WL 3981131, at *2 (E.D.N.C. Sept. 11, 2017) (unpublished) (noting that arguments based on the application of U.S.S.G. section 5G1.3 must be pursued under section 2255, not section 2241); accord James v. Ziegler, No. 5:11-CV-00479, 2013 WL 6000905, at *4 (S.D.W. Va. Nov. 12, 2013) (unpublished).

Revels has filed two prior section 2255 motions in the Middle District. See Revels, No. 1:08-cr-00045-NCT-1 (M.D.N.C.), Mot. [D.E. 39], Mot. [D.E. 77]. To file yet another motion pursuant to section 2255 would require Revels to obtain a certification from the Fourth Circuit. See 28 U.S.C. § 2255(h). Revels has not done so. Moreover, Revels "may file a habeas petition under § 2241 only

10

if the collateral relief typically available under § 2255 'is inadequate or ineffective to test the legality of his detention.'" Prousalis v. Moore, 751 F.3d 272, 275 (4th Cir. 2014) (quoting the section 2255(e) "saving clause"[2]).

To the extent that Revels contends that a section 2255 motion is inadequate or ineffective in this case, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision [ ] or because an individual is procedurally barred from filing a § 2255 motion." Vial, 115 F.3d at 1194 n.5 (citations omitted). Rather, section 2255 relief is "inadequate or ineffective" when the following conditions are met:

> (1) [A]t the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Prousalis, 751 F.3d at 275 (quoting In re Jones, 226 F.3d at 333–34). Here, because there has been no substantive change in law rendering noncriminal the prohibition against felons possessing firearms, Revels has not satisfied the second condition. Cf. id.

In sum, because Revels has not demonstrated that a section 2255 motion is "inadequate or ineffective," and because he not sought the Fourth Circuit certification necessary for the court to convert his section 2241 petition into a "second or successive" section 2255 motion, see 28 U.S.C. § 2255(h), the court will dismiss this aspect of his petition for lack of jurisdiction, see Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (finding that a district courts lacked jurisdiction to consider an

---

[2]"[S]aving[, not savings,] is the precise word" for "a statutory provision exempting from coverage something that would otherwise be included," McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1082–83 (11th Cir. 2017) (quoting Bryan A. Garner, GARNER'S DICTIONARY OF LEGAL USAGE 797 (3d ed. 2011)).

11

unauthorized section 2241 petition if a section 2255 motion was not "inadequate or ineffective").

Finally, because Revels has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c), the court also will deny a certificate of appealability. See Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## CONCLUSION

For the reasons discussed above, the court:

1) DISMISSES WITHOUT PREJUDICE Revels' section 2241 petition [D.E. 1] to the extent that he argues that his federal and state sentences should be run concurrent pursuant to U.S.S.G. section 5G1.3 because the court lacks jurisdiction to consider the issue;

2) GRANTS respondent's motion for summary judgment [D.E. 15] as to the remaining contentions in Revels' section 2241 petition;

3) DENIES a certificate of appealability; and

4) DIRECTS the clerk to close the case.

SO ORDERED. This ⟨22⟩ day of February 2018.

TERRENCE W. BOYLE
United States District Judge